873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Samuel SUBER, Petitioner-Appellant,
v.
STATE of South Carolina, County and City of Newberry, South
Carolina, Attorney General of South Carolina,
Respondents-Appellees.
 No. 88-7352.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1989.
Decided April 27, 1989.
 
 Samuel Suber, appellant pro se.
 Donald John Zelenka, Office of the Attorney General of South Carolina, for appellees.
 Before DONALD RUSSELL, WIDENER, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Suber seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. The district court, in adopting the recommendation of the magistrate, held that it was dismissing Suber's petition because Suber failed to exhaust his state remedies and because Suber failed to state a claim that would entitle him to relief. The district court was correct in denying Suber's claims on the merits and it was unnecessary for the court to suggest that Suber must, nevertheless, present these claims to state court. The state, in its response to Suber's petition, recognized that Suber had failed to exhaust his state remedies, but explicitly waived exhaustion as a defense. Even if the state's waiver was read as not applying to all claims,* the district court's disposal of the claims on the merits was appropriate, as "it is perfectly clear that the applicant does not raise even a colorable federal claim." Granberry v. Greer, 55 U.S.L.W. 4494, 4496 (U.S. Apr. 21, 1987) (No. 85-6790).
 
 
 2
 Because the district court properly dismissed Suber's claims on the merits, we deny Suber a certificate of probable cause and dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 3
 DISMISSED.
 
 
 
 *
 We note that the state interpreted Suber's petition as presenting only one claim and waived exhaustion as to that claim, whereas the magistrate and district court reasonably construed the petition as presenting three claims